UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:17-cv-60324-WPD

MICHAEL PEREZ,

    Plaintiff,

v.

NATIONAL CREDIT ADJUSTERS, LLC,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff MICHAEL PEREZ ("Plaintiff"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 55(b), respectfully requests that the Court enter a Final Default Judgment against Defendant NATIONAL CREDIT ADJUSTERS, LLC ("Defendant"), and in support thereof, states the following:

1. On February 11, 2017, Plaintiff commenced the above styled action by filing the Complaint [D.E. 1].

2. On February 14, 2017, Defendant was served with a summons and a copy of the Complaint, whereby Defendant had until March 07, 2017, to file a response/answer to the Complaint.

3. Defendant failed to file an answer and/or response to the Complaint before the March 07, 2017, and as March 29, 2017, no filings whatsoever have been submitted by Defendant.

4. Plaintiff filed a Motion for Clerk's Default on March 22, 2017 [D.E. 8].

5. The Clerk entered a Default against Defendant on March 22, 2017 [D.E. 9].

6. The allegations of the Complaint, of which Defendant has now admitted, establish multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Sta. § 559.551 *et seq*. (the "FCCPA").

7. In light of the reasons set forth herein, Plaintiff respectfully submits this Motion for Entry of Final Default Judgment, along with the incorporated Memorandum of Law and proposed Default Judgment.

## MEMORANDUM OF LAW

8. When a default is entered against a defendant, all of Plaintiff's well-pled allegations are deemed admitted. *See* Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages. Where all the essential evidence is of record, an evidentiary hearing is not required, especially when, as here, Plaintiff seeks statutory damages. Petmed Express, Inc. v. Medpets.com, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) *citing* SEC v. Smyth, 420 F.3d1225, 1232 n.13 (11th Cir. 2005).

**I.    ESTABLISHING LIABILITY UNDER THE FDCPA AND FCCPA**

9. "The FDCPA establishes a strict liability standard; a consumer need not show an intentional violation of the Act by a debt collector to be entitled to damages." Drossin v. Nat'l Action Fin. Servs., 641 F.Supp.2d 1314 (S.D. Fla. 2009). "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." Id. at 1316. Similarly, the FCCPA "is to be construed in a manner that is protective of the consumer." Laughlin v. Household Bank, LTD., 969 So.2d 509, 513 (Fla. 1st DCA 2007).

10. The FDCPA and FCCPA "have certain parallels, as both relate to consumer protection against creditors, and include nearly identical definitions of 'communication,' 'debt,' and 'debt collector.' Kinlock v. Wells Fargo Bank, N.A., 636 Fed. Appx. 785, 787 (11th Cir. 2016) (citations omitted). Thus, to establish a claim under the FDCPA and FCCPA are largely the same.

11. To establish a claim under the FDCPA, the plaintiff must show: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Pescatrice v. Orovitz, P.A., 539 F.Supp.2d 1375, 1378 (S.D.Fla.2008).

12. "The elements necessary to plead a claim under the FCCPA are similar but distinguishable from the elements of establishing a claim under the FDCPA." Deutsche Bank Nat. Trust Co. v. Foxx, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013). "The first prong is substantially identical to the FDCPA, as the FCCPA only applies to consumer debt [and] [t]he second prong [only] differs from the FDCPA in that the FCCPA prohibits acts of 'persons' and, accordingly, is not limited to 'debt collectors.'" Bacelli v. MFP, Inc., 729 F.Supp.2d 1328, 1335 (M.D.Fla.2010). "The third prong requires an act or omission prohibited by the FCCPA. In addition to these elements, several subsections of §559.72 require an allegation of knowledge or intent by the defendant in order to state a cause of action." Foxx, 971 F. Supp. 2d 1106, 1114 (citing Reese v. JPMorgan Chase & Co., 686 F.Supp.2d 1291, 1309 (S.D.Fla.2009) ("To plead a FCCPA claim, a party must allege knowledge or intent by the debt collector in order to state a cause of action.")).

**II. PLAINTIFF HAS PLEAD FACTS THAT ESTABLISH FIND DEFENDANT LIABLE FOR HAVING VIOLATED THE FDCPA AND FCCPA**

13. As set forth in the Complaint and dually admitted by Defendant:

    (a)    "The debt at issue (the 'Consumer Debt') is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes." *See* D.E 1 at ¶ 21;

    (b)    "The Consumer Debt is a 'debt' governed by the FDCPA and FCCPA." Id. at ¶ 22 (citations omitted);

    (c)    "Plaintiff is a 'consumer' within the meaning of the FDCPA." Id. at ¶ 23 (citations omitted);

    (d)    "Defendant is a 'debt collector' as defined by the FDCPA and FCCPA." Id. at ¶ 24 (citations omitted);

    (e)    "On or about January 23, 2017, Defendant sent a collection letter to Plaintiff (the 'Collection Letter') in an attempt to collect the Consumer Debt." D.E 1 at ¶ 26;

    (f)    "The Collection Letter constitutes 'collection activity' within the meaning of §559.715 of the FCCPA." Id. at ¶ 27; and

    (g)    "Plaintiff did not receive any written notice of assignment of the Consumer Debt at least thirty (30) days before collection activity of the Consumer Debt began." Id. at ¶ 28.

### III.   *COUNT I* – **VIOLATION OF THE FDCPA**

14.    As set forth in the Complaint and summarized herein, Defendant's conduct resulted in nine (9) violation of the FDCPA, *to wit*:

    (a)    "Defendant violated §1692g(a) and §§1692e(2) and (10) of the FDCPA by failing to adequately inform Plaintiff of the true amount owed to the current creditor, by falsely representing the character and/or amount of the debt,

and by utilizing false representations and/or deceptive means in collecting and/or attempting to collect the consumer debt from Plaintiff. In short, Defendant failed to provide an explicit disclosure of accrued and accruing interest for which the current creditor can recover." S*ee* D.E 1 at ¶ 37-47 (wherein the merit of Plaintiff's claim is set forth).

(b) "Defendant violated §1692f(8) of the FDCPA by using a symbol, other than the debt collector's address, on the envelope used to communicate with Plaintiff by mail. Defendant, by and through the Collection Letter, sought to collect the Consumer Debt from Plaintiff. In short, the envelope used to mail the Collection Letter displayed a bar code and a Quick Response ("QR") code through the transparent window of the envelope. Said bar code and QR code are located on the upper-left portion of the Collection Letter." S*ee* Id. at ¶ 48-49 (wherein the merit of Plaintiff's claim is set forth).

(c) "Defendant violated §1692e(10) of the FDCPA by utilizing false representations and/or deceptive means in an attempt to collect the Consumer Debt and/or obtain information concerning Plaintiff." *See* Id. at ¶ 50-53 & ¶ 54-57 (wherein Plaintiff alleged in further detail that Defendant committed two separate violations of §1692e(10) of the FDCPA).

(d) "Defendant violated §1692g(a)(2) of the FDCPA by failing to send Plaintiff a written notice that, in light of the least sophisticated consumer standard, sufficiently advises of name of the creditor to whom the Consumer Debt is owed." *See* Id. at ¶ 58 (wherein the merit of Plaintiff's claim is set forth).

    (e)    "Defendant violated §1692f(1) of the FDCPA by attempting to collect the Consumer Debt, by and through the Collection Letter, despite having no lawful authority to seek the collection of such because the Consumer Debt was assigned and Plaintiff did not receive proper notice thereof." See D.E 1 at ¶ 60-62 (wherein the merit of Plaintiff's claim is set forth).

    (f)    "Defendant violated §1692f(1) of the FDCPA by attempting to collect the Consumer Debt from Plaintiff without the express statutory right, or contractual right, necessary seek the lawful collection thereof." See Id. at ¶ 63-64 (wherein the merit of Plaintiff's claim is set forth).

## IV.   *COUNT II* – **VIOLATION OF THE FCCPA**

15.   As set forth in the Complaint and summarized herein, Defendant's conduct resulted in three (3) violation of the FCCPA, *to wit*:

    (a)    Defendant violated § 559.72(9) of the FCCPA by attempting to collect the underlying debt without having provided Plaintiff with the necessary Notice of Assignment, as per Fla. Stat. §559.715. See D.E 1 at ¶ 67-68 (wherein the merit of Plaintiff's claim is set forth).

    (b)    Defendant violated § 559.72(9) of the FCCPA by attempting to collect the underlying debt without having complied with the mandatory disclosure requirements of §1692g(a) of the FDCPA, as such disclosure are a condition precedent to the lawful collection of the underlying debt. *See* Id. at ¶ 69-70 (wherein the merit of Plaintiff's claim is set forth).

    (c)    Defendant violated § 559.72(9) of the FCCPA by attempting to collect the underlying debt in a manner known to be illegitimate and/or unlawful, in

that, Defendant knowingly sought to collect the underlying debt in violation of § 1692f(8) FDCPA, whereby Defendant was prohibited from displaying a bar code and/or QR Code on the envelope housing the collection letter. as such disclosure are a condition precedent to the lawful collection of the underlying debt. *See* Id. at ¶ 71-72 (wherein the merit of Plaintiff's claim is set forth in further detail).

## V.   DAMAGES

16. A civil cause of action is available to consumers whose rights have been infringed under the FDCPA. 15 U.S.C. § 1692k. The damages for having violated the FDCPA are prescribed as follows: "(1) any actual damage sustained by such person as a result of such failure; (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000…" 15 U.S.C. § 1692k(a). Further, "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court…" *Id*.

17. A civil cause of action is also available to consumers whose rights have been infringed under the FCCPA. Fla. Stat. 559.77. The damages for having violated the FCCPA are prescribed as "…actual damage and [] additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees." Fla. Stat. 559.77(2).

18. As part of Plaintiff's Prayer for Relief, *see* Complaint at 24, Plaintiff sought actual and statutory damages, as per 15 U.S.C. § 1692k(a)(2), for the FDCPA violations committed by Defendant, as well as actual and statutory damages, as per Fla. Stat. § 559.77(2), for the FCCPA

violations committed by Defendant.[1] Plaintiff also sought attorneys' fees and costs, as provided by 15 U.S.C. § 1692k(a)(2) and Fla. Stat. § 559.77(2), for the same.

19.     With respect to *damages,* the Complaint's explicit articulation of how Defendant's conduct violated each provision of the FDCPA and FCCPA so-alleged, coupled with Defendant's admission of all facts necessary to successfully hold Defendant liable to, not only Plaintiff, but to *any* Floridian that received the same form of collection letter from Defendant, warrants awarding Plaintiff $1,000 in statutory damages for the FDCPA violations committed by Defendant ***and*** $1,000 in statutory damages for the FCCPA violations committed by Defendant – *for a grand total of $2,000 in statutory damages*. Goodin v. Bank of America, N.A., M.D.Fla.2015, 114 F.Supp.3d 1197 (Debtors were entitled to statutory damages of $1,000 each for violation of the Fair Debt Collection Practices Act (FDCPA), and $1,000 each for violation of the Florida Consumer Collection Practices Act (FCCPA), following bank's repeated communications and inability to correct issues in servicing debtors' loan, despite having actual notice of those issues); Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP, E.D.N.Y.2003, 258 F.Supp.2d 157 (Maximum recovery for plaintiff in action under the Fair Debt Collection Practices Act (FDCPA) who did not allege any actual damages and requested only that she be awarded statutory damages was $1,000, plus costs of the suit and a reasonable attorney's fee); *see also* In re Martinez, Bkrtcy.S.D.Fla.2001, 266 B.R. 523 (Law firm that violated the Fair Debt Collection Practices Act's (FDCPA's) notice provisions was liable for the maximum amount of statutory damages, $1,000.00, as well as costs and reasonable attorney fees incurred by debtor in prosecution of action; firm ordinarily and regularly violated the FDCPA by including in its initial communications with consumers a

---

[1] Plaintiff sought, *inter alia*, actual and statutory damages for both the FDCPA *and* FCCPA violations committed by Defendant. At this time, however, Plaintiff ***withdraws*** his request for ***actual*** damages.

validation notice in the same form as that found defective in the instant case, nature of firm's noncompliance was moderate, in that firm provided the notice required by statute, but it failed to meet the hypothetical least sophisticated consumer standard because the notice was overshadowed by other information, and violation was, if not intentional, then measured, given abundance of case law clearly setting forth the standard upon which a debt collector must operate).

## VI.   CONCLUSION

20.   WHEREFORE, Plaintiff respectfully request that the Court enter final judgment in favor of Plaintiff and against Defendant in the amount of $2,000.00.

DATED: March 29, 2017

Respectfully Submitted,

 /s/ Jibrael S. Hindi                                       .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:       855-529-9540

AND

 /s/ Thomas J. Patti                                       .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tpatti@thomasjohnlaw.com
THOMAS-JOHN LAW, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:    954-543-1325
Fax:       954-507-9975

*COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 29, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing. The undersigned further certifies that a copy of this motion has been sent to the following addresses:

National Credit Adjusters, LLC
327 West 4TH Street
Hutchinson, Kansas 67504

National Credit Adjusters, LLC
C/O Registered Agent
Corporation Service Company
1201 Hays Street
Tallahassee, Florida 32301

  /s/ Jibrael S. Hindi                           .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259