UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60324-CIV-DIMITROULEAS/SNOW

MICHAEL PEREZ,

    Plaintiff,

vs.

NATIONAL CREDIT ADJUSTERS, LLC,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on the Plaintiff's Verified Motion for Award of Attorney's Fees (ECF No. 15) and the Plaintiff's Verified Motion for Bill of Costs (ECF No. 14), which were referred to United States Magistrate Judge, Lurana S. Snow, for Report and Recommendation. The Defendant did not respond to either motion and they are each ripe for consideration.

This action was brought under the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collection Practices Act (FCCPA). On April 13, 2017, Default Final Judgment was entered in favor of the Plaintiff. (ECF No. 13). The FDCPA, 15 U.S.C. § 1692(k)(3) and the FCCPA, F.S.A. § 559.77(2) provide for an award of fees and costs to a prevailing plaintiff. The Plaintiff seeks an award of attorney's fees in the amount of $5,587.50, representing 6.1 hours of work by attorney Jibrael S. Hindi and 8.8 hours of work by attorney Thomas J. Patti, each of whom billed at the rate of $375.00 per hour. The Plaintiff also asks the Court to tax costs in the amount of $447.00 for fees of the clerk ($400.00) and service of process ($47.00).

**I. ANALYSIS**

**A. Attorneys' Fees**

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in Hensley v. Eckerhart, 461 U.S. 424 (1983), which held that "the most useful starting

point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Id. at 433-34.  Therefore, counsel for the prevailing party "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434.

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards.  Norman v. Housing Auth. of Montgomery, 836 F.2d 1292 (11th Cir. 1988).  The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. at 1299, citing Blum v. Stenson, 465 U.S. 886, 895 (1984).  The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates.  Norman, 836 F.2d at 1299.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness.  Id. at 1303.  However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. Moreover, where billing records are voluminous, "a district court may make a reasonable across the board reduction in hours instead of engaging in the pick and shovel work necessary to make a more precise determination." Kenny A. ex rel. Winn v. Perdue, 532 F.3d 1209, 1220 (11th Cir. 2008).

In the instant case, the Plaintiff has complied with the requirements of Local Rule 7.3, which governs motions for attorneys' fees. The Declaration of Mr. Hindi reflects that he graduated *summa cum laude* from Nova Southeastern University School of Law in June 2015, after which he opened his law practice and has represented plaintiffs in more than 200 consumer protection cases in Florida. Mr. Patti's declaration recites that he graduated *magna cum laude* from Nova in June 2015 and has represented plaintiffs in more than 150 consumer protection cases in Florida. The undersigned finds that the claimed rate of $375.00 per hour is within the range of rates charged in the Southern District of Florida for similar services by lawyers of reasonably comparable skills, experience and reputation. And, after a careful review of counsel billing statements (ECF No. 15-4) and the record in this cause, the undersigned finds that 14.9 hours is a reasonable amount of time to have spent on the case. Therefore, the requested fee award of $5,587.50 should be granted.

**B. Costs**

Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit. Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Taxable costs are identified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The decision to award costs is discretionary with the Court, but the Court may tax items specifically enumerated in § 1920, absent alternative contractual or statutory authority. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

In the instant case, the Plaintiff seeks to tax costs in the amount of $400.00 for the filing fee, which clearly is taxable as a fee of the Clerk. The Plaintiff also seeks $47.00 for service of process. (ECF No. 14-1) The Plaintiff utilized a private process server rather than having the Marshal serve the complaint on the defendants, but this is permissible "provided the rate charged does not exceed the cost of having a U.S. Marshal effect service." EEOC v. W & O, Inc., 213 F. 3d 600, 624 (11th Cir. 2000). The current rate charged by the U.S. Marshal is $65.00 per hour (or portion thereof) for each person served, plus travel costs and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Since the claimed cost of $47.00 does not exceed that which would have been charged by the Marshal, it should be awarded. Therefore, the Plaintiff is entitled to the total claimed costs of $447.00.

## II. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the Plaintiff's Verified Motion for Award of Attorney's Fees (ECF No. 15) and the Plaintiff's Verified Motion for Bill of Costs (ECF No. 14) be GRANTED, and that the Plaintiff be awarded attorneys' fees in the amount of $5,587.50 and costs in the amount of $447.00.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1);

Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

       DONE AND SUBMITTED at Fort Lauderdale, Florida, this 7th day of June, 2017.

                                                _____
                                                LURANA S. SNOW
                                                UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record